**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.:  CV - _____**

DEANNA GEORGE,

               Plaintiff,                     **COMPLAINT**

v.

BUREAU OF COLLECTION
RECOVERY, INC., d/b/a BCR,
a domestic corporation and
"MARCEL FIELDS," an individual,

               Defendants.         **JURY TRIAL DEMANDED**

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of these Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA")

## PARTIES

3. Plaintiff Deanna George, (hereinafter "Plaintiff"), is a natural person residing in the County of Ramsey, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant Bureau of Collection Recovery, Inc., d/b/a BCR, (hereinafter "Defendant Bureau"), is a debt collection agency operating from an address of

1009 NE 16th Street, Willmar, MN 56201 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.    Defendant Marcel Fields, (hereinafter "Defendant Fields"), is a natural person employed by Defendant Bureau as a collection agent and is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6.    Sometime prior to November 2006, upon information and belief, Donya Allrich, an individual who is not a party to this action, incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt from MasterCard.

7.    Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant Bureau for collection from Donya Allrich.

8.    During the following months, Defendant Bureau began a collection campaign that included numerous telephone calls to Plaintiff.

9.    Plaintiff acquired a new land line telephone number for her residence in November 2006.  Plaintiff explained to Defendant Bureau on numerous occasions that she was not Donya Allrich, that Donya Allrich did not live at her residence and that she did not even know Donya Allrich.

10.    Defendant Bureau's collection campaign continued unabated through the months of December, January and February with Plaintiff receiving numerous

telephone calls to her residence in an attempt to collect an alleged debt from Donya Allrich.

11.     On each occasion that Defendant Bureau called Plaintiff, Plaintiff informed Defendant Bureau that she was not Donya Allrich, that Donya Allrich did not live at her residence and that she did not even know Donya Allrich.

### 1st Collection Communication from Defendant Fields

12.     In or about February 2007, Plaintiff received a telephone call from Defendant Fields.

13.     Plaintiff informed Defendant Fields that she was not Donya Allrich, that Donya Allrich did not live at her residence and that she did not even know Donya Allrich.

14.     Defendant Fields argued with Plaintiff and repeatedly called Plaintiff, "Donya." Plaintiff repeatedly asked Defendant Fields to not call her "Donya" as that was not her name. Despite Plaintiff's insistence, Defendant Fields continued to call Plaintiff "Donya."

15.     Defendant Fields disclosed to Plaintiff that Donya Allrich owed a debt to MasterCard.

16.     Defendant Fields misrepresented Plaintiff's statements during the telephone conversation.

17.     Defendant Fields stated that if Plaintiff wanted to stop receiving calls that Plaintiff would have to change her telephone number.

18.     When Plaintiff stated that she did not feel well, Defendant Fields instructed Plaintiff, "Then hang up the phone…then hang up the phone…hang up the phone…and we'll call you back."

19.     The tone of Defendant Fields was abusive, harassing and condescending on the telephone.

20.     The conduct of Defendants in harassing Plaintiff in an effort to collect the alleged debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(3), 1692d, 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

## 2nd *Collection Communication from Defendant Fields*

21.     Although Defendant Fields spoke with Plaintiff one week prior to his second telephone call to Plaintiff, Defendant Fields denied that he previously spoke to Plaintiff.  Defendant Fields misrepresented that he ever spoke with Plaintiff.

22.     Defendant Fields misrepresented that a debt collector named "Jenny" was employed by Defendant Bureau.

23.     Defendant Fields confirmed to Plaintiff that he did not take notes on her file, and that, in fact, no notes were taken on her file regarding the status of Plaintiff's number not belonging to Donya Allrich, despite Plaintiff's numerous conversations with Defendant Bureau's debt collection agents.

24.     The conduct of Defendants in harassing Plaintiff in an effort to collect the alleged debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(3), 1692d, 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

*Summary*

25.     Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy at Plaintiff's home.

## TRIAL BY JURY

26.     Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

27.     Plaintiff incorporates by reference paragraphs 1 through 26 as though fully stated herein.

28.     The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA, including but not limited to,

each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

29.     As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant.

## COUNT II.

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

30.     Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

31.     Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

32.     Defendants intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt thereby invading and intruding upon Plaintiff's right to privacy.

33.     Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and or private concerns or affairs.

34.     The intrusions and invasions by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

42.     As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

- an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

- an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations and invasions of privacy in an amount to be determined at trial; and

- such other and further relief as may be just and proper.

Dated:  March 18, 2007

**SCRIMSHIRE, MARTINEAU, GONKO**
**VAVRECK, PLLC**


 _s/ Mark L. Vavreck_____
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street
Suite 600
Minneapolis, MN 55401
Telephone: (612) 659-9500
Facsimile:   (612) 659-9220

**ATTORNEY FOR PLAINTIFF**